# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FIT TEA LLC,

        Plaintiff,

v.                                Case No:   6:23-mc-1-WWB-LHP

ALANI NUTRITION LLC,

        Defendant

_____

## ORDER

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **ALANI NUTRITION LLC'S MOTION TO COMPEL NON-PARTIES FIT TEA, INC., FIT PRODUCTS LLC, AND FIT TEA BRASND LLC (Doc. No. 1)**
>
> **FILED:** **January 12, 2023**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part, DENIED in part, and DENIED WITHOUT PREJUDICE in part**.

## I.    BACKGROUND

    The above-styled motion stems from an ongoing civil action currently pending in the United States District Court for the Southern District of Florida, *Fit*

*Tea, LLC v. Alani Nutrition LLC*, Case No. 22-21568-CIV-MARTINEZ.   In sum, Plaintiff Fit Tea, LLC filed suit against Defendant Alani Nutrition LLC ("Alani Nu") alleging, among other things, violations of the Lanham Act for trademark infringement.   *Id.*   Discovery closes in that case on April 6, 2023.   *Id.*, Doc. No. 24.

On September 22, 2022, Alani Nu served subpoenas on three non-parties:   Fit Tea, Inc., Fit Tea Brand, LLC, and Fit Products, Inc. (collectively the "Gonzalez Entities").   Doc. No. 1, at 3-4; *see also* Doc. Nos. 1-4, 1-5, and 1-6.   The subpoenas required production of various documents on October 14, 2022.   *Id.*   According to Alani Nu, none of the Gonzalez Entities ever responded to the subpoenas in any fashion.   Doc. No. 1, at 4.   On December 16, 2022, Alani Nu mailed letters to each of the Gonzalez Entities requesting that they respond to the subpoenas, but those letters were also met with no response.   *Id.*, at 4; *see also* Doc. Nos. 1-7 through 1-10.

Based on the lack of response, Alani Nu filed the present motion in this Court, seeking an order:   (1) granting the motion to compel; (2) ordering the Gonzalez Entities to produce all documents identified in the subpoenas; (3) ordering the Gonzalez Entities to pay Alani Nu's reasonable fees and expenses incurred in filing the motion to compel; and (4) awarding further monetary sanctions.   Doc. No. 1, at 6-7.   The Gonzalez Entities also have not responded to the motion, and the time to

do so has long expired.   *See* Local Rule 3.01(c) (providing 14 days to respond to a motion).

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 45, subpoena-related motions must be filed in the district where compliance is required.   Fed. R. Civ. P. 45(d)(2), (3).   Because the place of compliance for all three subpoenas at issue appears to be Orlando, Florida, *see* Doc. Nos. 1-4, 1-5, and 1-6, Alani Nu properly filed the present motion in this Court.

Rule 45 provides that a party may subpoena documents, ESI, or tangible things in a non-party's possession.   Fed. R. Civ. P. 45(a)(1)(A)(iii).   "The scope of discovery under Rule 45 is the same as the scope of discovery under Federal Rule of Civil Procedure 26."   *Digital Assur. Certification, LLC v. Pendolino*, 6:17-cv-72-Orl-41TBS, 2017 WL 4342316, at *8 (M.D. Fla. Sept. 29, 2017).   "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."   Fed. R. Civ. P. 26(b)(1). The party seeking to enforce a subpoena has the burden of demonstrating the information sought is relevant.   *Fadalla v. Life Auto. Prods, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007).   However, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."   Fed. R. Civ. P. 45(d)(1).

The party opposing a subpoena has the burden of demonstrating that compliance with the subpoena presents an undue burden or that it requires the disclosure of privileged or protected information. *Fadalla*, 258 F.R.D. at 504. Written objections may be served by the non-party, but the objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). "Typically, failure to serve written objections to a subpoena in the time provided by [Rule 45] waives any objections the party may have." *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 WL 12639859, at *3 (M.D. Fla. Aug. 29, 2014); *see Gulati v. Ormond Beach Hosp.*, LLC, No. 6:18-cv-920-Orl-37TBS, 2018 WL 7372080, at *2 (M.D. Fla. Dec. 17, 2018) ("When a party fails to respond to discovery, or provides untimely responses, whatever objections it might otherwise have had are generally deemed waived.").

## III.   ANALYSIS

In addition to not responding to the subpoenas themselves, the Gonzalez Entities also have not responded to the present motion. Accordingly, the Court deems the motion to be unopposed. *See* Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."); *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in

opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).  *See also Mount v. Pulte Home Co., LLC*, No. 6:20-cv-2314-RBD-LHP, 2022 WL 16950248, at *1 (M.D. Fla. Nov. 15, 2022) (granting in full unopposed motion to compel non-party compliance with subpoena to produce documents).

Upon review of the unopposed motion and the attached subpoenas and other documents, the Court finds Alani Nu's motion well taken, but only as it pertains to Fit Tea, Inc.   For while Alani Nu has provided sufficient information establishing that subpoenas were mailed to each of the Gonzalez Entities, and its motion is otherwise supported by relevant legal authority, Alani Nu has not provided a copy of the subpoena served upon either Fit Tea Brand, LLC or Fit Products, Inc.   Rather, it appears that Alani Nu simply attached the subpoena for Fit Tea, Inc. three times. *See* Doc. Nos. 1-4, 1-5, 1-6 (all three subpoenas directed to Fit Tea, Inc.).   The Court cannot blindly compel compliance with a subpoena that the Court has not reviewed to ensure that is procedurally sufficient.   *See Wane v. Diallo*, No. 8:20-cv-171-T-02CPT, 2020 WL 13413993, at *3 (M.D. Fla. Dec. 14, 2020) ("Decisions rendered in this District and elsewhere have noted that courts are not authorized to enforce

defective subpoenas directed at nonparties, even where the nonparties do not oppose motions to compel their compliance with those subpoenas." (collecting cases)).   *See also Am. Empire Surplus Lines Ins. Co. v. The Warehousing Co.*, No. 13-14028-CIV-MOORE/LYNCH, 2013 WL 12094632, at *2 (S.D. Fla. Nov. 14, 2013) (denying unopposed motion to compel compliance with subpoena and for contempt because courts lack "authority to enforce invalid subpoenas").   Thus, the Court will grant the present motion as it pertains to Fit Tea, Inc. only and deny without prejudice the motion as it pertains to the other Gonzalez Entities.

Alani Nu also seeks an award of its reasonable attorneys' fees and costs incurred in filing the present motion from Fit Tea, Inc., pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).   Doc. No. 1, at 7.   "However, '[u]nlike Rule 37, Rule 45 contains no express provision for attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena. . . .'"   *Golden Krust Franchising, Inc. v. Clayborne*, No. 8:20-mc-104-T-33SPF, 2020 WL 7260774, at *2 (M.D. Fla. Dec. 10, 2020) (quoting *NLRB v. Midwest Heating & Air Conditioning, Inc.*, 528 F. Supp. 2d 1172, 1181 (D. Kan. 2007)).   *See also U.S. for Use & Benefit of Am. Builders & Contractors Supply Co., Inc. v. Great Am. Ins. Co.*, No. 3:12-mc-36-J-34TEM, 2012 WL 12910657, at *1 (M.D. Fla. June 26, 2012) ("Because the instant [Rule 45] motion involves a non-party, Rule 37 (which applies only to parties) is not applicable."); *Kona Spring Water Distrib., Ltd. v. World Triathlon Corp.*, No. 8:05-cv-

119-T-23TBM, 2006 WL 905517, at *2 (M.D. Fla. Apr. 7, 2006) (granting in part Rule 45 motion to compel compliance with subpoena and denying motion for sanctions sought pursuant to Rule 37, finding Rule 37 inapposite (citing *Davis v. Speechworks Int'l, Inc.*, No. 03-cv-533S(F), 2005 WL 1206894, at *5 (W.D.N.Y. May 20, 2005) ("Rule 45 itself contains no express provision for awarding attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena *duces tecum*, nor does Rule 45 allow the court to turn to the terms of Rule 37(a) for such authorization."))); *Peacock v. Merrill*, No. 08-01-B-M2, 2008 WL 687195, at *4 (M.D. La. Mar. 10, 2008) ("Fed. R. Civ. P. 45, dealing with the issuance of and response to subpoenas directed to non-parties, does not provide for court costs and attorney's fees as a sanction against persons who fail to produce the subpoenaed documents.").   Other than a lone citation to Rule 37(a)(5)(A), Alani Nu has provided no authority for making such an award of attorneys' fees under Rule 45. As such, Alani Nu's request for an award of attorneys' fees and expenses incurred in bringing its motion will be denied.

Alani Nu also moves for sanctions against Fit Tea, Inc. for failure to respond to the Subpoena pursuant to Federal Rule of Civil Procedure 45(g).   Doc. No. 1, at 5-7.   Rule 45(g) provides that the Court "may hold in contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."   Fed. R. Civ. P. 45(g).   "However, 'it would be rare for a court to use

contempt sanctions without first ordering compliance with a subpoena. . . . Disobedience of such an order may be treated as contempt.'" *Golden Krust Franchising*, 2020 WL 7260774, at *2 (quoting Fed. R. Civ. P. 45, Advisory Committee's Notes (2013 Amendment)).  *See also Berkley Ins. Co. v. Suffolk Constr. Co., Inc.*, No. 19-23059-CIV-WILLIAMS/TORRES, 2020 WL 10057924, at *2 (S.D. Fla. Oct. 30, 2020) ("Because the Court has now compelled the subcontractors to comply with Suffolk's subpoena within thirty (30) days, a motion for fees, on this basis, would be premature."); *Crestview Towers Condo Ass'n v. Liberty Surplus Ins. Corp.*, No. 20-23127-CIV-SCOLA/TORRES, 2020 WL 13357886, at *1 (S.D. Fla. Oct. 19, 2020) (same); *Smith v. Pefanis*, 652 F. Supp. 2d 1308, 1342 (N.D. Ga. 2009) (nonparties' failure to explain noncompliance with Court's previous order granting plaintiff's motion to enforce Rule 45 subpoenas warranted civil contempt sanctions).   Accordingly, because the Court is ordering Fit Tea, Inc., to comply with the subpoena, the Court will not impose any contempt sanctions at this time.   The issue may be revisited if Fit Tea, Inc. fails to comply with this Order.

## IV.   CONCLUSION

For the foregoing reasons, Alani Nutrition LLC's Motion to Compel Non-Parties Fit Tea, Inc., Fit Products LLC, and Fit Tea Brand LLC (Doc. No. 1) is **GRANTED IN PART, DENIED IN PART, AND DENIED WITHOUT PREJUDICE IN PART**, and it is **ORDERED** as follows:

1.     On or before **March 24, 2023**, Fit Tea, Inc., shall produce all documents in its current possession, custody, or control responsive to the subpoena (Doc. No. 1-4).

2.     All objections to the production required by the subpoena have been waived.   *See Cadle*, 2014 WL 12639859, at *3 ("Typically, failure to serve written objections to a subpoena in the time provided by [Rule 45] waives any objections the party may have."); *Mount*, 2022 WL 16950248, at *1 (same).

3.     Alani Nu's request for attorneys' fees and costs as to Fit Tea, Inc., under Rule 37(a)(5)(A) is **DENIED**, and Alani Nu's request for contempt sanctions as to Fit Tea, Inc., under Rule 45(g) is **DENIED WITHOUT PREJUDICE.   Fit Tea, Inc., is advised, however, that failure to comply with this Order may result in the imposition of sanctions under Rule 45(g) going forward.**

4.     In all other respects, the motion (Doc. No. 1) is **DENIED WITHOUT PREJUDICE.**

5.     Alani Nu shall immediately serve a copy of this Order on Fit Tea, Inc., via United States Certified Mail, return receipt requested, and shall file a Certificate of Service with the Court once service has been made.

**DONE** and **ORDERED** in Orlando, Florida on March 3, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties